[Cite as *Wells Fargo Bank, N.A. v. Mahvi*, 2026-Ohio-3064.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE FSB f.k.a. WORLD SAVINGS BANK, FSB,

Plaintiff-Appellee,

- vs -

CARYL MAHVI, et al.,

Defendant-Appellant.

CASE NO. 2026-G-0002

Civil Appeal from the Court of Common Pleas

Trial Court No. 2017 F 000372

---

## OPINION AND JUDGMENT ENTRY

Decided: August 10, 2026
Judgment: Affirmed

---

*John R. Tarter, Jeffrey R. Helms,* and *Paul M. Nalepka*, Diaz Anselmo & Associates, P.A., P.O. Box 19519, Fort Lauderdale, FL 33318 (For Plaintiff-Appellee).

*Caryl Mahvi*, pro se, 14611 Shire Court, Novelty, OH 44072 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Caryl Mahvi, pro se, appeals the judgment of the Geauga County Court of Common Pleas denying her motion to vacate an allegedly void foreclosure decree granted in favor of Appellee, Wells Fargo Bank, N.A., successor by merger to Wachovia Mortgage FSB f.k.a. World Savings Bank, FSB ("Wells Fargo").

{¶2} We construe Appellant's brief as assigning error to the trial court's denial of her motion to vacate the foreclosure decree.

{¶3} Having reviewed the record and applicable law, we find that Appellant's assignment of error, so construed, is without merit. The trial court did not abuse its discretion in determining that Appellant's allegations of fraud upon the court lacked merit. In particular, it does not appear that Wells Fargo's counsel, i.e., an officer of the court, made the alleged misrepresentations; the representations, on their face, are not inconsistent; and the trial court reasonably concluded that Appellant was attempting to use Civ.R. 60(B) to challenge a summary judgment that Appellant did not directly appeal.

{¶4} Therefore, we affirm the judgment of the Geauga County Court of Common Pleas.

## Substantive and Procedural History

{¶5} The underlying case presents a protracted litigation history containing multiple filings, bankruptcy stays, and mediations. The history most relevant to this appeal is summarized below.

{¶6} On May 8, 2017, Wells Fargo filed a civil complaint against Appellant and others in the Geauga County Court of Common Pleas. Wells Fargo alleged that Appellant had defaulted on promissory note secured by a mortgage on her property at 14611 Shire Court, Novelty, Ohio. Wells Fargo requested judgment against Appellant on the note in the amount of $851,858.49, plus interest at 2.8% per annum, and costs, advances, and other charges. Wells Fargo also requested foreclosure of the mortgage.

{¶7} On August 19, 2017, Appellant filed a Civ.R. 12(B)(6) motion to dismiss. Wells Fargo opposed the motion on October 10, 2017, and the trial court denied it on December 5, 2017.

Case No. 2026-G-0002

{¶8}   On January 15, 2018, Wells Fargo filed a motion for summary judgment. Appellant did not file a brief in opposition.

{¶9}   On July 20, 2018, the trial court granted Wells Fargo's motion for summary judgment and filed the foreclosure decree.  Appellant did not appeal from that judgment.

{¶10}   On November 27, 2018, Wells Fargo assigned the mortgage to U.S. Bank National Association, as Legal Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank").

{¶11}   On October 27, 2023, Appellant filed another motion to dismiss, which the trial court denied on December 28, 2023.

{¶12}   On February 18, 2025, Appellant filed a Civ.R. 60(B) motion for relief from judgment.  Wells Fargo opposed the motion on February 26, 2025, and the trial court denied it on March 24, 2025.

{¶13}   On December 2, 2025, Appellant filed a "motion to vacate void judgment and dismiss foreclosure complaint."  According to Appellant, "[t]he underlying summary judgment was procured by a pattern of fraud upon [the trial court], knowingly instituted by counsel for [Wells Fargo,] rendering the judgment a legal nullity."  In particular, Appellant alleged that counsel represented in the foreclosure proceedings that it possessed the original promissory note; however, in an affidavit filed in Appellant's bankruptcy proceeding, counsel represented that the promissory note was lost.

{¶14}   Wells Fargo filed a brief in opposition on December 4, 2025, and Appellant filed a reply on December 10, 2025.

{¶15}  On January 8, 2026, the trial court filed a judgment entry denying Appellant's motion to vacate.  The court described Appellant's motion as her "latest delay tactic" that was "generally a repeat of prior claims" regarding whether Wells Fargo was

the proper party in interest. The trial court found that Appellant failed to meet her burden proof regarding the allegedly false statements and that Wells Fargo's "unrefuted" affidavit in support of summary judgment proved its possession of the note at the time of filing.

{¶16} On January 14, 2026, Appellant timely appealed the trial court's January 8, 2026 judgment. Appellant also filed a motion in the trial court to stay the underlying case pending appeal, which Wells Fargo opposed.

{¶17} On February 12, 2026, the property was sold at sheriff's sale to Wells Fargo, who, in turn, assigned its bid to U.S. Bank. The sale has not been confirmed.

{¶18} On May 7, 2026, the trial court granted Appellant's motion to stay the underlying case pending appeal.

**Scope of Review**

{¶19} As an initial matter, we note that Appellant's brief does not set forth any assignments of error. *See* App.R. 16(A)(3). Instead, Appellant presents seven lengthy "issues," many of which are beyond the proper scope of this appeal. Appellant's appeal is subject to dismissal due to her noncompliance with the rules of court. *See* Eleventh Dist.Loc.R. 16(D). In the interests of justice, however, we exercise our discretion to decide this appeal on its merits.

{¶20} Based on the procedural posture of this case, the only issue properly before us is whether the trial court committed reversible error in its January 8, 2026 judgment entry by denying Appellant's December 2, 2025 motion to vacate the foreclosure decree. Therefore, we construe Appellant's brief as assigning such error, and we expressly overrule all other issues.

Case No. 2026-G-0002

## Standard of Review

{¶21} The Supreme Court of Ohio's jurisprudence reflects "a firm and longstanding principle that final judgments are meant to be just that—final." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 22. "Therefore, subject to only rare exceptions, direct attacks, i.e., appeals, by parties to the litigation, are the primary way that a civil judgment is challenged." *Id*.

{¶22} "In civil cases, a motion under Civ.R. 60(B) is one procedure available to a party (or a party's legal representative) to attempt to obtain relief from a final order or judgment in the issuing court." *Id*. at ¶ 21. "A proceeding under Civ.R. 60(B) technically falls within the definition of a collateral attack, but it is governed by the specific provisions of that rule." *Id*. Civ.R. 60(B) permits a court to "relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) Any other reason justifying relief from the judgment.

Civ.R. 60(B)(1)-(5).

{¶23} We acknowledge that Appellant did not purport to file her motion to vacate pursuant to Civ.R. 60(B); rather, she characterized her motion as "an independent action . . . to vacate a void judgment pursuant to [the trial court's] inherent authority." The Supreme Court of Ohio has recognized the authority of Ohio courts "to vacate a void judgment," explaining that such authority is "not derived from Civ.R. 60(B), but rather

Case No. 2026-G-0002

constitutes an inherent power." *Patton v. Diemer*, 35 Ohio St.3d 68, 70 (1988). However, the Court recently returned to "the traditional jurisdiction-based definition of a void judgment" and held that "[a] void judgment is rendered by a court without jurisdiction." *State v. Henderson*, 2020-Ohio-4784, ¶ 17, 22. Appellant's motion to vacate did not challenge the trial court's jurisdiction. In addition, as discussed below, the Supreme Court has held that allegations of fraud are cognizable under Civ.R. 60(B)(3) and (5). *See Coulson v. Coulson*, 5 Ohio St.3d 12 (1983), paragraph one of the syllabus. Therefore, we review Appellant's motion pursuant to the requirements in Civ.R. 60(B).

{¶24} We review a trial court's judgment on a Civ.R. 60(B) motion for an abuse of discretion. *Strack v. Pelton*, 1994-Ohio-107, ¶ 10. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

**Law and Analysis**

{¶25} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious claim or defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack* at ¶ 10.

Case No. 2026-G-0002

{¶26}   We find the second prong, i.e., whether Appellant is entitled to relief under one of the grounds in Civ.R. 60(B)(1) through (5), to be dispositive.  As stated, Appellant asserted that "[t]he underlying summary judgment was procured by a pattern of fraud upon [the trial court], knowingly instituted by counsel for [Wells Fargo,] rendering the judgment a legal nullity."  In particular, Appellant alleged that Wells Fargo's counsel made "false and contradictory statements" regarding Wells Fargo's possession of the original promissory note.

{¶27}   As stated, Civ.R. 60(B)(3) permits relief in the case of "[f]raud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party," and such a motion must be filed within one year after the judgment.  However, the Supreme Court of Ohio has held that "[p]ursuant to Civ.R. 60(B)(5), a court in appropriate circumstances may vacate a judgment vitiated by a fraud upon the court."  *Coulson*, 5 Ohio St.3d 12,  at paragraph one of the syllabus.  *See* 1970 Staff Note to Civ.R. 60(B) ("a court might utilize the catch-all provision [60(B)(5)] to vacate a judgment vitiated by a fraud upon the court").  The Court explained fraud upon the court as follows:

> "'*Fraud upon the court*' *should,* we believe, *embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication*.  Fraud, inter partes, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) or to the independent action."  7 Moore's Federal Practice (2 Ed.1971) 515, Paragraph 60.33. . . .

> It is generally agreed that " . . . [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense."  11 Wright & Miller, Federal Practice and Procedure (1973) 253, Section 2870. Thus, in the usual case, a party must resort to a motion under Civ.R 60(B)(3). *Where an officer of the court, e.g., an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment*.

Case No. 2026-G-0002

(Emphasis added.) *Coulson* at 15.

{¶28} Thus, "a motion to vacate a judgment, based on an alleged fraud upon the court, is not subject to the one-year limitation of Civ.R. 60(B)(3), but may be filed pursuant to Civ.R. 60(B)(5) and may be made within a reasonable time." *Levak v. Levak*, 1986 WL 10928, *2 (11th Dist. Sept. 19, 1986). Examples of fraud upon the court include (1) egregious misconduct, such as bribery of a judge or jury, (2) fabricating evidence, or (3) preventing an opposing party from fairly presenting its case. *Heltzel v. Heltzel*, 1987 WL 18032, *3 (11th Dist. Sept. 30, 1987). The trial court is best able to determine whether a fraud has been perpetrated upon it. *Coulson* at 16. Therefore, the trial court's determination of the issue is entitled to great weight. *Id*.

{¶29} Appellant alleged that Wells Fargo's counsel made the following "false and contradictory statements":

- In its complaint filed on May 8, 2017, Wells Fargo stated that "Plaintiff is entitled to enforce the note, the original of which is in plaintiff's possession."

- In its motion for summary judgment filed on January 15, 2018, Wells Fargo stated that "[a]t the time of filing the Complaint, and to date, Plaintiff had and has been in possession of the Note."

- In its brief in opposition filed on February 26, 2025, Wells Fargo stated that "Plaintiff has had possession of the original Note at all relevant times."

- Alejandro J. Lopez, Senior Vice President of Truman Capital Advisors LP, averred in a "Form of Lost Note Affidavit" dated September 12, 2024, that the "original note has either been lost, misfiled, misplaced or destroyed." Mr. Lopez's affidavit was attached to a document that U.S. Bank filed in Appellant's Chapter 13 bankruptcy proceeding on August 1, 2025.

Case No. 2026-G-0002

{¶30} Upon review, we find no error in the trial court's determination that Appellant's fraud allegations lacked merit. Contrary to Appellant's assertion, it does not appear that Wells Fargo's counsel, i.e., an officer of the court, made the alleged misrepresentations. Rather, three of the above representations were contained in pleadings and motions that Wells Fargo's counsel filed on its client's behalf. By contrast, in *Coulson*, 5 Ohio St.3d 12, the plaintiff's business counsel drafted a separation agreement in a divorce action that counsel represented to the court was "fair and equitable" despite the fact that he had not examined the agreement for fairness and accuracy." *Id*. at paragraph two of the syllabus. In addition, Mr. Lopez, as a corporate representative of Wells Fargo's assignee, made the fourth representation. Therefore, the alleged misrepresentations did not constitute fraud on the court and were barred by the one-year limitation for a Civ.R. 60(B)(3) motion.

{¶31} In addition, the representations, on their face, are not inconsistent. As this Court has explained, "[a] plaintiff in a foreclosure action must have standing at the time it files the complaint in order to properly invoke the jurisdiction of the trial court." *Deutsche Bank Natl. Trust Co. as Trustee v. Ayers*, 2020-Ohio-1332, ¶ 72 (11th Dist.). On summary judgment, "the movant must establish it was the holder or entitled to enforce the note as of the time the complaint was filed." *Portage Cty. Commrs. v. O'Neil*, 2015-Ohio-808, ¶ 13 (11th Dist.). To prove that it had standing, Wells Fargo represented to the trial court that it possessed Appellant's original note in both its complaint filed in May 2017 and in its motion for summary judgment filed in January 2018. Over six years later, in September 2024, Mr. Lopez, on behalf of Wells Fargo's assignee, U.S. Bank, represented to the bankruptcy court that the original note had been lost. The latter representation does not

necessarily mean that the note was lost when Wells Fargo made its representations in 2017 and/or 2018. It may mean, as Wells Fargo contends, that the note was lost after January 2018.

{¶32} Further, this court has held that "a motion for relief from a final judgment cannot be used to reargue the merits of the case, since those types of contentions can only be properly raised in a direct appeal." *Karnofel v. Girard Police Dept.*, 2009-Ohio-4446, ¶ 11 (11th Dist.). *See JPMorgan Chase Bank, Natl. Assn. v. Liggins*, 2019-Ohio-1076, ¶ 10 (10th Dist.) (a litigant cannot use Civ.R. 60(B) to contest the legal correctness of the underlying judgment). The trial court found that Appellant's motion to vacate was a "delay tactic" and a "repeat of prior claims" that the court had previously rejected. The record supports the trial court's assessment.

{¶33} Based on the "great weight" we must afford the trial court's determination that fraud had not been perpetrated upon it, we cannot say that the trial court abused its discretion. Accordingly, the trial court did not err in denying Appellant's motion to vacate the foreclosure decree.

{¶34} Appellant's sole assignment of error, as construed by this Court, is without merit. All other issues and arguments are overruled.

{¶35} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


MATT LYNCH, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2026-G-0002

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error, as construed by this court, is without merit.  It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-G-0002